**CODOSKY, d. b. a. BUTCH'S PLACE, Appellant, v. STATE, DEPARTMENT OF LIQUOR CONTROL, Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5281. Decided February, 1956.

H. David Lefkowitz, Cleveland, for appellant.

C. William O'Neill, Atty. Genl., Kiehner Johnson, S. Noel Melvin, Asst. Attys. Genl., Columbus, for appellee.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION
By THE COURT.

This is an appeal from an order of the Common Pleas Court affirming an order of the Board of Liquor Control revoking certain permits of appellant to sell beer and wine upon finding that three charges against him were sustained by proper proof under the statute.

All of the acts charged were claimed to have been committed on May 21, 1954. The first was the keeping, exhibiting and possessing about the permit premises of forms, tickets, bowling machine tip tickets, which may or can be used for gaming or wagering, * * * or chances of a contest —in violation of the Liquor Control Act and regulations of the Board of Liquor Control. Second, keeping and possessing in and upon the permit premises spirituous liquor, to wit, Whiskey, while not the holder of a proper permit. Third, having and possessing on the permit premises intoxicating liquor, to wit, whiskey, not purchased from the Department of Liquor Control, or with special consent issued by the Department of Liquor Control.

The evidence before the Board fairly suggested that the Department had withdrawn permittee's permit to operate under his certificate, although the specific order is not before us, and that his place of business was not open to the public, although there were a few men inside. Permittee claimed that he was preparing to do some painting and that one or more of the men who were to do the painting and were assisting in moving equipment preparatory thereto were in the premises on the date in question. A police officer first went to the rear door of the premises and was not admitted. Later he was admitted as were two inspectors of the Department. The testimony in behalf of the Department offered by the officer only developed that an amber liquid was placed in a glass in front of a man at the bar whom it appears was one Stanley Zupon. The liquid which was served to Zupon was confiscated, analyzed and offered as an exhibit, and the result of the analysis is in the record. It appears that it was in part whiskey which permittee claims Zupon brought onto the premises in the morning of the day in question for his own use and which was served and consumed by him.

Five errors are assigned. Without comment we hold against appellant as to all but the fourth, which is that the court erred in sustaining the order of the Board in refusing to receive testimony in behalf of appellant.

We are agreed that the record made before the Board, certified to the Common Pleas Court, and which is before us, supports the judgment and the finding that the order of the Board was supported by reliable, probative and substantial evidence and is in accordance with law. However, the error assigned by appellant is that he was not permitted to complete his record and that this failure was prejudicial to his defense.

The situation of which complaint is made arose by reason of the fact that three witnesses, presumably in the permit premises when permittee was arrested, were subpoenaed by the permit holder but did not appear on August 5, 1954, the date of the hearing of the charges. After the Department had rested, counsel for permittee moved for dismissal of each and all of the charges against him. These motions were overruled. Thereupon, a member of the Board moved that proceedings in contempt be instituted against the three witnesses who had not appeared in response to subpoenas claimed to have been served upon them. This proposal was approved, whereupon permittee testified. At the conclusion of his cross-examination and testimony, a member of the Board inquired of counsel for permittee, "Have you anything further?" Counsel replied, "No, except I would like the record to show that Frank Lamosek, Stanley Zupon, and Ernest Robinson were subpoenaed. I would like to make a proffer for the record that if Frank Lamosek were here—"

Member of the Board: "Just a minute!"

Counsel for Department: "I'll object to it."

Member of the Board: "How can you make a proffer of anybody that isn't in the Court Room?" "We are going to get him here."

**"Recess the case until after the contempt proceedings are over with."** (Emphasis ours.)

The record discloses that the hearing was then recessed until September 9, 1954, at Cleveland, Ohio, at which time the three persons who had been subpoenaed by permittee were interrogated to determine if they should be cited for contempt. Early in these proceedings, counsel for permittee said, "If it please the Board, it was my understanding the case was recessed, so that if the witnesses could be produced, they could testify."

One member of the Board then said,

"The reason for it, as far as I'm concerned—may I state this in the record—and I asked the recess to be on my behalf, was because three witnesses were subpoened, and you said you subpoened them, and 'they aren't here,' and I wanted to know why they aren't here. I want your subpoenas honored. When a permit holder subpoenaes witnesses, I want those witnesses here, or be held in contempt. If they haven't got a reasonable excuse for not being here, I'm going to ask the Attorney General to institute contempt proceedings in the Common Pleas Court of Cuyahoga County against these witnesses."

Counsel for permittee: "It was my understanding that we would have an opportunity to testify."

Thereupon, the three witnesses were interrogated and it appeared that all had been served but each had an excuse for not appearing. No inquiry of them was made or permitted respecting facts relevant to the charges against permittee and at the conclusion of the testimony of the last of these three witnesses, counsel for permittee said: "It is my understanding that I can't offer any testimony whatsoever." "Is that correct?"

Member of the Board: "That is correct."

Counsel for permittee: "Exception."

In our judgment, the statement of the member of the Board, at the

end of the first hearing of the charges against permittee, that the hearing would be recessed was sufficient reason for counsel for permittee to believe that when the proceedings, looking to possible contempt charges against the witnesses, who had not appeared, had been concluded, permittee would have an opportunity to introduce their testimony.

The Board evidently ruled that permittee had rested his case, but the record does not support this conclusion. Permittee could not proffer his testimony because the Board would not permit his witnesses to take the stand.

The denial to permittee of the right to have these witnesses testify, in our judgment, was not only erroneous, but it was prejudicial.

The only witness for the Department who testified on the material matters said that he saw permittee take an empty glass from Zupon, refill it from a bottle, which he described; that there was beer and wine on the premises but no rear room thereto. In stating that there was beer and wine on the premises, it is clear that the witness did not mean the wine and beer which had been sealed in the back room as appears from page 9 of the record. The other officers did not corroborate the foregoing testimony in any particular and in the main controverted it.

The Department did not claim, and the proof did not establish, that there was more than a small jar into which had been placed a serving of whiskey taken from Mr. Stanley Zupon and another quart jar containing what was designated as about two shots of whiskey. The Common Pleas Court Judge found that permittee had made a sale of the liquor. Permittee denied that he had poured any liquor out of the container or that he had a container such as described by the witnesses for the Department. Although, even under permittee's testimony, he could properly have been found to possess the whiskey found on his premises, his statement was that his place was not open for business, that the whiskey had been brought to the permit premises by Mr. Zupon from his home for his own use and placed in permittee's refrigerator, that Zupon poured out and served his own liquor, which, if true, did not constitute a sale.

Charge No. 3, among other things, averred that permittee possessed on the permit premises whiskey which was not purchased from the Department of Liquor Control. Had Zupon supported the testimony of the permittee it may have further developed, if believed, that the liquor was purchased from the Department of Liquor Control.

The principal prejudice in the failure and refusal to permit appellant to offer the testimony of any of the three witnesses which he had subpoenaed relates to the punishment which the Board inflicted by reason of finding that all three of the charges were proven. Although the testimony of any or all of the witnesses may not, and in probability would not, have absolved permittee from guilt upon any one of the three charges, the circumstances concerning the bringing of the liquor on to the permit premises and the full explanation of the presence of the three witnesses in the permittee's place of business if corroborative of permittee, may have been such as to move the Board to be less severe in the extreme penalty inflicted upon permittee, the revocation of his

154

permits. The denial of the right to permittee to complete his record like-wise prevented the Common Pleas Judge, who reviewed the case de novo, having all the material facts upon which the guilt or innocence of per-mittee of the charges, and the justness of the penalty under review, could be evaluated.

The cause will be reversed and remanded for further proceedings according to law, and should be remanded to the Board with instructions to take the testimony of one or all of the three witnesses who were not permitted to testify as to the charges preferred against the permittee.

MILLER, PJ, HORNBECK and FESS, JJ, concur.